LARRY LOVELAN, Appellant, *v.* FERNANDO C. BRIGGS,
Respondent.

*Civil damage act — the sale of the liquor by the defendant must be clearly proved.*

This action was brought by the plaintiff, under the civil damage act, to recover the damages resulting from the alleged sale of intoxicating liquors to her husband by the defendant. The only evidence connecting the defendant with the intoxication of the husband, was the testimony of one Lasher to the effect that, two or three weeks before the husband's death, he had seen him drink a glass of ale at the defendant's store; that of a woman, who had seen him come out of the defendant's store intoxicated two or three days before the death, and the fact that his hat was left in the store :

*Held,* that the evidence was insufficient to sustain a verdict for the plaintiff, and that a nonsuit was properly ordered.

APPEAL from a judgment dismissing the complaint, entered upon a nonsuit directed at the circuit.

*S. S. Morgan* for the appellant.

*F. Fish,* for the respondent.

LEARNED, P. J. :

There is evidence to show that the plaintiff's husband had been intoxicated during much of the time for a month or so prior to his death, and was abusive to his wife and neglected her. On Saturday night, October eighteenth, he came home sober in his general appearance, yet he seems to have been "pretty full" and to have had an attack of delirium in the night. Sunday he drank laudanum, Monday he died.

Now the only evidence connecting the defendant with any intoxication is that of Lasher, who says that, two or three weeks before the death of the deceased, he saw him drink a glass of ale at defendant's store ; that of Mary Bowman, who says she saw him come out of Briggs' store intoxicated two or three days before the death of deceased. But she did not see him go in, and of course does not know whether he was sober when he went in or not. His hat was left at defendant's store, but there is no evidence that it was left in payment for drinks which he had received. Indeed, Fox says the contrary, and Briggs told the plaintiff that the deceased did not get

his drinks there, so that all the proof is that of Lasher. Now this single glass of beer, two or three weeks before the death of the deceased, is not so connected with any wrongful act of the deceased, with any neglect to supply the plaintiff with maintenance, or with the act which caused his death, that the defendant could properly be held liable.

There must be evidence, and not mere conjecture, which shall show that acts of the defendant have caused, in whole or in part, the injury which the plaintiff has sustained. The mere fact that the defendant sells spiritous liquors, and that the deceased had been seen in defendant's store, or even had been seen coming from the store in an intoxicated condition, should not make the defendant liable. For a man may keep a liquor store and yet may refuse to sell liquors to an intoxicated man. And unless the man were seen to go in sober and come out drunk, the condition in which he came out would not show where he obtained the liquor. The plaintiff undoubtedly had suffered much from her husband's intoxication. But her sufferings would not justify the jury in finding a verdict without evidence and upon mere suspicion.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.